CILENTI & COOPER, PLLC
Justin Cilenti (GC2321)
Peter H. Cooper (PHC4714)
708 Third Avenue – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102
info@jcpclaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
WALTER BENITEZ DIAZ,

                       Plaintiff,

    -against-

RIVIERA CATERERS INC., RIVIERA CATERERS I, LLC,
R.C. STILLWELL LLC, PATRICIA CAVITOLO, and
ZACHARY CAVITOLO,

                       Defendants.
-------------------------------------------------------------------X

Case No. 17-CV-7263
(FB) (JO)

**FIRST AMENDED
FLSA COMPLAINT**

**Jury Trial
Demanded**

Plaintiff, WALTER BENITEZ DIAZ ("Plaintiff"), by and through his undersigned attorneys, Cilenti & Cooper, PLLC, files this Amended Complaint against defendants RIVIERA CATERERS INC., RIVIERA CATERERS I, LLC, R.C. STILLWELL LLC (collectively, the "Corporate Defendants" or the "Catering Hall"), PATRICIA CAVITOLO, and ZACHARY CAVITOLO (collectively, the "Individual Defendants") (the Corporate Defendants and the Individual Defendants are collectively referred to as "Defendants"), and states as follows:

**INTRODUCTION**

1.    Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), he is entitled to recover from Defendants:

(a) unpaid minimum wages, (b) unpaid overtime compensation, (c) liquidated damages, (d) prejudgment and post-judgment interest, and (e) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law, he is entitled to recover from Defendants: (a) unpaid minimum wages, (b) unpaid overtime compensation, (c) unpaid "spread of hours" premium for each day that he worked a shift in excess of ten (10) hours, (d) liquidated and statutory damages pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act, (e) prejudgment and post-judgment interest, and (f) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Eastern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## THE PARTIES

5. Plaintiff is a resident of Kings County, New York.

6. Defendant, RIVIERA CATERERS INC., is a domestic business corporation organized under the laws of the State of New York, with a principal place of business at 2780 Stillwell Avenue, Brooklyn, New York 11224.

7. Defendant, RIVIERA CATERERS I, LLC, is a domestic limited liability company organized under the laws of the State of New York, with a principal place of business at 2780 Stillwell Avenue, Brooklyn, New York 11224.

8. Defendant, R.C. STILLWELL LLC, is a domestic limited liability company organized under the laws of the State of New York, with a principal place of business at 2780 Stillwell Avenue, Brooklyn, New York 11224.

9. Defendants own and operate a full service catering business under the "Riviera Caterers" brand, which for over 100 years has provided corporate and private clients with full service catered events such as weddings, bar mitzvah's, birthday and retirement parties, corporate and gala events, and various other social occasions.

10. Defendants provide their catering services to their clients both on-site at the Catering Hall in Brooklyn, as well as off-premises at numerous locations throughout New York City, including, but not limited to, the World Trade Center, nightclubs, art galleries, and Central Park Zoo.

11. Whether providing on-site or off-premises catering services, Defendants prepare all food for their clients' events at the Catering Hall in Brooklyn.

12. Defendant PATRICIA CAVITOLO is an owner, shareholder, director, supervisor, managing agent and/or proprietor of each of the Corporate Defendants, who actively participated, and continues to actively participate in the day-to-day operations of the Catering Hall, and acted intentionally and maliciously and is an employer pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with the Corporate Defendants.

13. Defendant ZACHARY CAVITOLO is an owner, shareholder, director, supervisor, managing agent and/or proprietor of each of the Corporate Defendants, who actively participated, and continues to actively participate in the day-to-day operations of

the Catering Hall, and acted intentionally and maliciously and is an employer pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with the Corporate Defendants.

14. At all time relevant hereto, the Individual Defendants exercised control over the terms and conditions of Plaintiff's employment in that they have the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control work of the employees, and (v) create and maintain employment records.

15. At all times relevant hereto, each of the Corporate Defendants, either jointly or individually, were, and continue to be, "enterprises engaged in commerce" within the meaning of the FLSA in that they (i) have and have had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) have and have had an annual gross volume of sales of not less than $500,000.

16. At all times relevant hereto, the work performed by Plaintiff was directly essential to the business operated by Defendants.

17. Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned minimum wages in direct contravention of the FLSA and New York Labor Law.

18. Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned overtime compensation in direct contravention of the FLSA and New York Labor Law.

19. Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned "spread of hours" premium in direct contravention of the New York Labor Law.

20. Plaintiff has satisfied all conditions precedent to the institution of this action, or such conditions have been waived.

## STATEMENT OF FACTS

21. At all times relevant hereto, Defendants' primary business was and is the sale of food and drinks for consumption.

22. The Corporate Defendants constitute a "restaurant" within the meaning of the New York Labor Law.

23. The Individual Defendants actively participate in the day-to-day operation of the Catering Hall. For instance, the Individual Defendants personally hire and fire employees, supervise and direct the work of the employees, instruct the employees how to perform their jobs, correct and/or reprimand employees for any errors made.

24. The Individual Defendants jointly create and implement all critical business policies, including decisions concerning the number of hours the employees are required to work, the amount of pay that the employees are entitled to receive, and the method and manner by which the employees are to be paid.

25. The Corporate Defendants are associated as a single enterprise, utilizing Plaintiff in a fungible and interchangeable manner as an employee in the business operated by Defendants.

26. The Corporate Defendants each engage in related activities, namely, providing restaurant services to the general public for profit. The Corporate Defendants

shared Plaintiff, act in the interest of each other with respect to employees, pay their employees by the same plan or scheme, and are themselves under common control.

27. The Corporate Defendants are controlled by the same owner, or owner group, operating as a unified operation and, upon information and belief, each provide mutually supportive services to the substantial advantage of the other such that each entity is operationally interdependent of each other and, therefore, may be treated as a single enterprise.

28. The performance of Plaintiff's job responsibilities was and is controlled by one person or group of persons, corporations, or other organizational units acting together.

29. On on or about December 2, 2015, Defendants hired Plaintiff to work as a non-exempt dishwasher, food preparer/kitchen helper, and porter for Defendants' Catering Hall.

30. Neither at the time of hire, nor at any time thereafter, did Defendants provide Plaintiff with a written wage notice identifying Plaintiff's regular hourly rate of pay and corresponding overtime rate of pay.

31. Defendants employed Plaintiff in those capacities until on or about November 22, 2017.

32. From the beginning of his employment and continuing through in or about August 2017, Plaintiff worked six (6) or seven (7) days per week, and his work scheduled consisted of seventeen (17) to nineteen (19) hours per day from 8:00 a.m. until 1:00 a.m., and at times until as late as 3:00 a.m.

33. During this period, Plaintiff was not paid proper minimum wages or overtime compensation. During this period, Plaintiff was paid, in cash, at the rate of $7.50 per hour straight time for all hours worked, and worked close to, if not in excess of, one hundred (100) hours per week. Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

34. Beginning in or about September 2017 and continuing through the remainder of his employment on or about November 22, 2017, Plaintiff worked three (3) days per week, and his work scheduled consisted of seven (7) hours per day from 9:00 a.m. until 4:00 p.m.

35. During this period, Plaintiff was not paid proper minimum wages. During this period, Plaintiff was paid, in cash, at the rate of $7.50 per hour, and worked twenty-one (21) hours per week.

36. At no time during his employment did Defendants provide Plaintiff with a weekly wage statement when paying him his cash wages, which explained Plaintiff's gross wages, deductions, and net wages.

37. Plaintiff was required to punch a time clock throughout the entirety of his employment.

38. Defendants knowingly and willfully operate their business with a policy of not paying Plaintiff either the FLSA minimum wage or the New York State minimum.

39. Defendants knowingly and willfully operate their business with a policy of not paying Plaintiff either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in direct violation of the FLSA and New

York Labor Law and the supporting federal and New York State Department of Labor Regulations.

40. Defendants knowingly and willfully operate their business with a policy of not paying Plaintiff "spread of hours" premium, in direct violation of the New York Labor Law and the supporting New York State Department of Labor Regulations.

41. At all times relevant hereto, upon information and belief, and during the course of Plaintiff's employment, the Defendants failed to maintain accurate and sufficient time and pay records.

## STATEMENT OF CLAIM

### COUNT I
### [Violation of the Fair Labor Standards Act]

42. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "41" of this Complaint as if fully set forth herein.

43. At all times relevant hereto, upon information and belief, the Corporate Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

44. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

45. Between 2015 and 2017, Defendant RIVIERA CATERERS INC., had gross revenues in excess of $500,000.

46. Between 2015 and 2017, Defendant RIVIERA CATERERS I, LLC had gross revenues in excess of $500,000.

47. Between 2015 and 2017, Defendant R.C. STILLWELL LLC had gross revenues in excess of $500,000.

48. Between 2015 and 2017, the Corporate Defendants jointly had gross revenues in excess of $500,000.

49. Plaintiff worked hours for which he was not paid the statutory minimum wage.

50. Defendants had, and continue to have, a policy and practice of refusing to pay the statutory minimum wage to Plaintiff for hours worked.

51. Defendants willfully failed to pay Plaintiff minimum wages in the lawful amount for hours worked.

52. Plaintiff was entitled to be paid at the statutory rate of time and one-half for all hours worked in excess of the maximum hours provided for in the FLSA.

53. Defendants failed to pay Plaintiff overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

54. Defendants had, and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

55. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the statutory minimum wage rate and the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due

and that non-payment of minimum wages and overtime compensation would financially injure Plaintiff.

56. As a result of Defendants' failure to properly record, report, credit and/or compensate its employees, including Plaintiff, Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

57. As a direct and proximate result of Defendants' violations of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

58. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff suffered damages in an amount not presently ascertainable of unpaid minimum wages overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

59. Plaintiff is entitled to an award of his reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### [Violation of the New York Labor Law]

60. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "59" of this Complaint as if fully set forth herein.

61. At all times relevant hereto, Defendants employed Plaintiff within the meaning of New York Labor Law §§ 2 and 651.

62. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff minimum wages in the lawful amount for hours worked.

63. Plaintiff was entitled to be paid at the statutory rate of time and one-half for all hours worked in excess of forty (40) per workweek.

64. Defendants failed to pay Plaintiff overtime compensation in the lawful amount for all hours worked in excess of forty (40) per week in direct contravention of the New York Labor Law.

65. Defendants had, and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the New York Labor Law.

66. Defendants knowingly and willfully violated Plaintiff's rights and by failing to pay Plaintiff "spread of hours" premium for each day he worked a shift in excess of ten (10) hours pursuant to New York State Department of Labor Regulations § 146-1.6.

67. Defendants failed to furnish Plaintiff with a statement with every payment of wages listing gross wages, deductions and net wages, in contravention of New York Labor Law § 195(3) and New York State Department of Labor Regulations § 146-2.3.

68. Defendants failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all employees, and other similar information in contravention of New York Labor Law § 661.

69. Defendants failed to establish, maintain, and preserve for not less than six (6) years payroll records showing the hours worked, gross wages, deductions, and net

wages for each employee, in contravention of the New York Labor Law § 194(4), and New York State Department of Labor Regulations § 146-2.1.

70. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid minimum wages, unpaid overtime compensation, unpaid "spread of hours" premium, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1) *et al.* and § 198.

71. Plaintiff is also entitled to liquidated damages pursuant to New York Labor Law § 663(1), as well as civil penalties and/or liquidated damages pursuant to the New York State Wage Theft Prevention Act.

## PRAYER FOR RELEIF

**WHEREFORE**, Plaintiff, WALTER BENITEZ DIAZ, respectfully requests that this Court grant the following relief:

(a) An award of unpaid minimum wages due under the FLSA and New York Labor Law;

(b) An award of unpaid overtime compensation due under the FLSA and New York Labor Law;

(c) An award of unpaid "spread of hours" premium due under the New York Labor Law;

(d) An award of liquidated damages as a result of Defendants' failure to pay minimum wages and overtime compensation under the FLSA pursuant to 29 U.S.C. § 216;

(e) An award of liquidated damages as a result of Defendants' failure to pay minimum wages, overtime compensation, and "spread of hours" premium

    pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act;

(f) An award of statutory damages pursuant to the New York State Wage Theft Prevention Act;

(g) An award of prejudgment and post-judgment interest;

(h) An award of costs and expenses associated with this action, together with reasonable attorneys' and expert fees; and,

(i) Such other and further relief as this Court determines to be just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues.

Dated: New York, New York
May 17, 2018

        Respectfully submitted,

        CILENTI & COOPER, PLLC
        *Attorneys for Plaintiff*
        708 Third Avenue – 6th Floor
        New York, NY 10017
        T. (212) 209-3933
        F. (212) 209-7102

By: _____
    Giustino (Justin) Cilenti (GC2321)